IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRAYER & DELIVERANCE MINISTRIES, | : <br> : <br> : |
| Plaintiff, | : <br> : <br> : CIVIL ACTION NO. _____ |
| v. | : <br> : |
| OHIO SECURITY INSURANCE COMPANY, | : <br> : <br> : |
| Defendant. | : <br> : |

**DEFENDANT OHIO SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, Ohio Security Insurance Company ("Defendant Ohio Security"), by and through its counsel, Zelle LLP, hereby files this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441 and 1446, removing this action from the Court of Common Pleas, Allegheny County, in which it is currently pending, to the United States District Court for the Western District of Pennsylvania. In support of this Notice, Defendant Ohio Security states as follows:

1. On March 23, 2022, Plaintiff, Prayer & Deliverance Ministries ("Plaintiff"), filed a Praecipe for Writ of Summons against Defendant, Ohio Security Insurance Company, in the Court of Common Pleas, Allegheny County, Pennsylvania styled as: *Prayer & Ministries v. Ohio Security Insurance Company,* Civil Action No. GD-22-003179 (the "State Court Action").

2. On April 5, 2024, Plaintiff filed a Complaint in the underlying State Court Action.

3. A copy of the Complaint was served on Counsel for Defendant Ohio Security on April 5, 2024.

4. The Writ of Summons and the Complaint constitute all of the process and pleadings served on Defendant Ohio Security. *See* Exhibit "A," Summons and Complaint.

5. The Complaint filed in the State Court Action concerns property damage allegedly sustained at 1116 Amity Street, Homestead, Pennsylvania, PA 15120 (the "subject property"), and purports to allege a claim for Breach of Contract (Count I). Plaintiff operates a church at the Property.

6. At all times relevant, including at the time the case was filed and at the time of removal, Plaintiff, a church, is a Pennsylvania non-profit (non-stock) domestic entity. Plaintiff is therefore a citizen of Pennsylvania for jurisdictional purposes.

7. At all times relevant, including at the time the Summons and Complaint were filed, Defendant, Ohio Security Insurance Company, is and has been a New Hampshire corporation with its principal place of business in Boston, Massachusetts. Ohio Security is an insurer which issues policies in Pennsylvania. Ohio Security is therefore a citizen of New Hampshire and Massachusetts for jurisdictional purposes.

8. The parties are therefore diverse.

9. As for the amount in controversy, the Complaint filed in the State Action alleges, at ¶ 3, that Defendant Ohio Security issued a policy of insurance to Plaintiff, and attaches a copy of the policy declarations, which shows the Limit of Insurance – Replacement Cost as $364,193 for Building coverage and $20,000 for business personal property ("BPP") coverage.

10. The Complaint asserts an open-ended claim for money damages in excess of $50,000, together with interest and court costs. *See* Compl. at Count I (Breach of Contract) *ad damnum* clause.

11. Nowhere in the Complaint does Plaintiff assign a dollar amount to its alleged losses and the specific amount in controversy is unknown based on the pleadings as alleged.

12. Defendant Ohio Security fully and fairly investigated the subject claim, including *inter alia*, inspecting the subject property and requesting information from Plaintiff and Plaintiff's representatives. Based on its investigation and the information received, Defendant Ohio Security approved a repair estimate in the amount of $182,723.91 (RC) / $162,320.64 (ACV). The Complaint does not allege that this repair estimate is incorrect, however, Plaintiff submitted a repair estimate for $373,995.71 (RC).

13. Removal is appropriate upon a showing that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees. *See* 28 U.S.C. § 1332(a)(1).

14. When removal is sought on the basis of jurisdiction conferred by 28 U.S.C. § 1332, the amount in controversy is the sum identified in the initial pleading, except where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446 (c)(2)(A).

15. Where the state practice either does not permit or demand a specific sum or permits recovery of damages in excess of the amount demand in the initial pleading, removal is proper where the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Evan v. Zhang*, Civ. A. No. 17-3801, 2017 WL 4547912, at *1 (E.D. Pa. Oct. 12, 2017).

16. "Preponderance of the evidence means 'proof to a reasonable probability that jurisdiction exists.'" *Hatchigan v. AAA Mid-Atlantic Member Relations*, Civ. A. No. 19-4740, 2020 WL 2745742, *3 (E.D. Pa. May 27, 2020) (*quoting Frederico v. Home Depot*, 507 F.3d 188, 195 n.6 (3d Cir. 2007).

17. Ohio Security is filing this Notice of Removal on April 23, 2024, which is within thirty (30) days after receipt of the Complaint and is thus timely pursuant to 28 U.S.C. § 1446(b).

18. As the Notice of Removal was filed within thirty (30) days, involved a controversy in excess of $75,000.00 and there is complete diversity of citizenship of the parties, removal is proper.

19. This Court is the United States District Court for the district within which the State Court Action is pending. Accordingly, the State Court Action is properly removed to this Court pursuant to 28 U.SC. §§ 1441 and 1446.

20. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and attached exhibits, will be filed in the Court of Common Pleas, Allegheny County, and served on Plaintiff and all counsel of record. A copy of the Notice to State Court of Filing Notice of Removal is attached hereto as Exhibit "B".

21. By removing the State Court Action, Defendant Ohio Security does not waive any defenses available to it.

22. By removing the State Court Action, Defendant Ohio Security does not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendant, Ohio Security Insurance Company, hereby removes the above-captioned action from the Court of Common Pleas, Allegheny County, to the United States District Court for the Western District of Pennsylvania.

                                        Respectfully submitted,

                                        **ZELLE LLP**

Dated: April 23, 2024        By:    <u>*/s/ Jonathan R. MacBride*</u>
                                                    Jonathan R. MacBride
                                                    P.A. Attorney I.D. No. 77177
                                                    Zelle LLP
                                                    2929 Arch Street, Suite 1700
                                                    The Cira Centre
                                                    Philadelphia, PA 19104
                                                    Telephone: (484) 532-5341
                                                    Facsimile:  (612) 336-9100
                                                    Email:  jmacbride@zellelaw.com

                                                    ***Attorneys for Defendant,***
                                                    ***Ohio Security Insurance Company***

## **CERTIFICATE OF SERVICE**

I, Jonathan R. MacBride, hereby certify that on April 23, 2024, a true and correct copy of the foregoing Notice of Removal is being electronically filed and is being served upon the following, via electronic mail:

Michael J. Casper, Esquire
Wheeler, DiUlio & Barnabei, P.C.
1650 Arch Street, Suite 2200
Philadelphia, PA 19103
Tel: (215) 971-1000
Email: mcasper@wdblegal.com

***Attorneys for Plaintiff,***
***Prayer & Deliverance Ministries***

   */s/ Jonathan R. MacBride*
   Jonathan R. MacBride